**In re Tink WILLIAMS, Rosie Williams, Debtors.**

**James R. WESTENHOEFER, Trustee, Plaintiff,**

v.

**CHRYSLER CREDIT CORPORATION, Tink Williams and Rosie Williams, Defendants.**

**Bankruptcy No. 96–60282.
Adversary No. 96–6021.**

United States Bankruptcy Court,
E.D. Kentucky,
Corbin Division.

May 29, 1997.

James R. Westenhoefer, Richmond, KY, pro se.

John L. Day, Jr., Cincinnati, OH, for defendant Chrysler Credit Corp.

### MEMORANDUM OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter comes before the Court after having been submitted on the record pursuant to an Agreed Order of Submission entered herein on February 27, 1997. The issue before the Court is whether the trustee may avoid a transfer from the debtors to defendant Chrysler Credit Corporation ("Chrysler Credit") pursuant to 11 U.S.C. § 547(b). This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b); it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

The trustee obtained a Summary Judgment against the defendant debtors on October 16, 1996. The trustee and Chrysler Credit entered into a Joint Stipulation of Facts on December 16, 1996. Included therein were these significant facts: the debtors filed their Chapter 7 petition in this Court on April 29, 1996. They were insolvent on that date. On March 15, 1996, they had purchased an automobile, executing in connection therewith an application and retail installment contract. On that date, the dealer from which the debtors purchased the vehicle had not received paperwork to transfer the title to it from an auto auction in Ohio. The dealer finally received the duplicate title on April 23, 1996. On that same date, ownership of the vehicle was transferred from the dealer to the debtors, and a title certificate issued which shows the lien of Chrysler Credit, with a first lien filing date of April 24, 1996.

The trustee filed a Memorandum in support of summary judgment on January 15, 1997. Chrysler Credit filed a Motion for Summary Judgment on the same date. The trustee filed a Response on January 23, 1997. The trustee maintains that he is entitled to judgment as a matter of law that the lien of Chrysler Credit must be avoided as a preferential transfer pursuant to 11 U.S.C. § 547(b). In order to prevail under that statute, the trustee must show that there was a transfer of property of the debtor to or for the benefit of a creditor, for or on account of an antecedent debt, while the debtor is insolvent, and within 90 days preceding the filing of the bankruptcy petition.

The trustee contends that the stipulated facts clearly require a finding of preferential transfer. The debtors transferred property by giving a security interest for the benefit of Chrysler Credit on account of an antecedent debt. The transfer was made while the debtors were insolvent and within 90 days before the filing of their Chapter 7 petition. The transfer enabled Chrysler Credit to receive more than it would have in a Chapter 7 case without the transfer, as it clearly would receive more with a lien in place on the vehicle than without it.

■ Chrysler Credit's lien was not noted on the certificate of title until 38 days after the transaction, and the trustee contends that therefore the 20–day "relation back" exception for enabling loans found in 11 U.S.C. § 547(c)(3) that would allow it to have its security interest considered perfected at the time it attached cannot be satisfied here. Support for the trustee's position in this regard is found in *In re Trott*, 91 B.R. 808, 810 (Bankr.S.D.Ohio 1988). There the court was called upon to determine when the debtor received "possession" of the collateral for purposes of application of § 547(c)(3)(B). The court held that possession means "physical control or custody of the collateral, as opposed to the acquisition of a right of ownership therein" through issuance of a certificate of title. The debtor herein received possession of the vehicle on March 15 1996,

the date he purchased it. Therefore the trustee is correct in his assertion that Chrysler Credit may not avail itself of the § 547(c)(3) exception.

■ Chrysler Credit's Motion for Summary Judgment does not address the exception question, however, but maintains that attachment did not even occur until the debtors "acquired an interest" in the vehicle, and that they did not acquire their interest in the vehicle until the title was recorded in Kentucky. It cites KRS 355.9–203(c) which provides that a security interest is not enforceable and does not attach unless the debtor has rights in the collateral.

Chrysler Credit further cites a provision of the Ohio Revised Code, ORC § 4505.04, which provides in part that a person acquiring a motor vehicle from its owner does not acquire any right, title or interest in the vehicle until he receives a certificate of title. Chrysler Credit then concludes that on the date that the debtors purchased the vehicle, the Kentucky dealer had no right, title, or interest in it and so could not pass any on to them.

The trustee contends that the requirements of Ohio law are irrelevant here. This Court agrees; the transaction in question involved Kentucky consumers and a Kentucky automobile dealership, and to the extent that any state law is applicable, it is Kentucky law. The trustee further does not agree that the debtors did not acquire any rights in the collateral until April 23, 1996. As he points out, pursuant to KRS 355.9–203 there are three conditions that must be fulfilled before a security interest is enforceable and attaches: the debtor has signed a security agreement which contains a description of the collateral, value has been given, and the debtor has rights in the collateral. The only element in contention here is whether these debtors had rights in the collateral. The trustee maintains that they did.

While no Kentucky or Sixth Circuit cases were found which address the issue of "rights in the collateral," other jurisdictions

have had occasion to rule on it. Every state that has adopted the Uniform Commercial Code has the same provisions within its statutory framework. Consequently, KRS 355.9–203 has its exact counterpart in other states, and the interpretations of courts in those jurisdictions may be applicable herein. In *In re Standard Foundry Products, Inc.,* 206 B.R. 475 (Bankr.N.D.Ill.1997), the court in interpreting this section stated:

> The drafters of the UCC intended that 'rights in the collateral' not be equated with ownership.. .... Article 9 of the UCC is concerned with whether the debtor 'has acquired sufficient rights in the collateral for the security interest to attach' and is not concerned with title to the collateral.....
>
> The phrase 'rights in the collateral' has generally been recognized to include the following: (1) the debtor has possession and title to the goods; (2) the true owner consents to the debtor's use of the collateral as security; or (3) the true owner is estopped from denying the creation of the security interest. (Cites omitted.)

At page 479.

Further consideration of this issue was undertaken by the court in *Matter of Joy,* 169 B.R. 931 (Bankr.D.Neb.1994). There the court stated:

> [F]actors such as the degree of control exercised over the goods may be considered in determining if attachment has occurred. .... It has also been held that a debtor has sufficient rights in collateral for a security interest to attach 'where a debtor gains possession of collateral pursuant to an agreement endowing him with any interest other than naked possession.'.... (Cites omitted.)

At page 936. Taking these interpretations into account in this matter, the debtors would appear to have had "rights in the collateral" at the time they purchased the automobile. The debtors in fact had possession and control of the collateral on the date they purchased it from the dealer.

In consideration of all of the foregoing, it is the opinion of this Court that the trustee carried forward his burden of demonstrating that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law that the belated perfection of a security interest by Chrysler Credit was a preferential transfer which he may avoid pursuant to 11 U.S.C. § 547(b). Chrysler Credit's Motion for Summary Judgment should be overruled. An order in conformity with this opinion will be entered separately.